Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JYDIN CHARTER,**<br>*individually and on behalf of all others similarly situated*<br><br>Plaintiff,<br><br>vs.<br><br>**AMERICOLLECT LLC,**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Jydin Charter ("Plaintiff") sues Defendant AmeriCollect LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("Rosenthal Act").

**JURISDICTION AND VENUE**

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. Supplemental jurisdiction exists for the Rosenthal Act claim under 28 U.S.C. §1367.

3. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Humboldt County, California

4. Venue of this action is proper in this Court because, the cause of action alleged below arose in Humboldt County, California

**PARTIES**

5. Plaintiff is a natural person, and a citizen of the State of California, residing in Humboldt County, California

6. Defendant is a Wisconsin Limited Liability Company, with its principal place of business located in Manitowoc, Wisconsin 54221.

**DEMAND FOR JURY TRIAL**

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**FACTUAL ALLEGATIONS**

**Background**

8. On or about July 17, 2025, Defendant attempted to collect an alleged debt (the “Consumer Debt”) from Plaintiff.

9. The Consumer Debt is an obligation allegedly had to pay money arising from a transaction between the creditor of the Consumer Debt and someone other than Plaintiff (the “Subject Service”).

10. Upon information and belief, the Subject Service was primarily for personal, family, or household purposes.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

**The Violative Conduct**

14. On or about July 17, 2025, Defendant sent Plaintiff a collection communication (the "First Collection Communication").

15. The First Collection Communication did not display Defendant's California debt collection license number.

16. A screenshot of the First Collection Communication is attached hereto within "Exhibit A."

17. On or about September 5, 2025, Defendant sent Plaintiff another collection communication (the "Second Collection Communication").

18. The Second Collection Communication did not display Defendant's California debt collection license number.

19. A screenshot of the Second Collection Communication is attached hereto within "Exhibit A."

20. The First Collection Communication and Second Collection Communications, are collectively referred to as the "Collection Communications."

21. Plaintiff does not owe the Consumer Debt because the underlying account does not belong to Plaintiff.

22. As such, by and through the Collection Communication(s), Defendant attempted to collect an alleged debt from Plaintiff that Plaintiff did not owe.

## CLASS ALLEGATIONS

23. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below defined Class.

### PROPOSED CLASS

**Rosenthal Class - all consumers with California addresses that were sent a collection communication from and/or by Defendant, or someone on Defendant's behalf in an attempt to collect a debt during the twelve months preceding the filing of this Class Action Complaint in which said collection communication did not display the Defendant's California debt collection license number in violation Cal. Civ. Code § 1788.11(f).**

24. Defendant and its employees or agents are excluded from the Class.

25. Plaintiff does not know the number of members in the Class but believes the members of the Class to be in the several thousands, if not more.

### NUMEROSITY

26. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout California which did not display the Defendant's California debt collection license number. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of members of the Class are unknown at this time and can be ascertained only through discovery. Identification of each member of the Class is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

28. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [**1**] Whether Defendant sent a collection communication to Plaintiff and members of the Class in an attempt to collect a debt; [**2**] Whether Defendant, by and through said collection communication violated the Rosenthal Act; [**3**] Whether Defendant is liable for damages, and the amount of such damages; and [**4**] Whether Defendant should be enjoined from such conduct in the future.

29. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection communications to consumers that violate the Rosenthal Act are accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

30. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

31. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

32. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred

by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation.

33. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions

**COUNT 1**

**VIOLATION OF 15 U.S.C. § 1692e(2)(A) and § 1692e(10)**

34. Plaintiff incorporates by reference paragraphs 1-25 of this Complaint as though fully stated herein.

35. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." See 15 U.S.C. § 1692e(2)(A) and (10).

36. As set forth above, the Collection Communications were attempts to collect an alleged debt from Plaintiff that Plaintiff did not owe.

37. By attempting to collect an alleged debt from Plaintiff that Plaintiff did not owe, Defendant made a "false representation of the character, amount, or legal status of" the Consumer Debt. 15 U.S.C. § 1692e(2)(A).

38. By attempting to collect on an alleged debt that was not owed by Plaintiff, Defendant used a "false representation or deceptive means to collect or attempt to collect" the Consumer Debt. 15 U.S.C. § 1692e(10).

39. Accordingly, Defendant violated 15 U.S.C. § 1692e, by and through the Collection Communications

40. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. §1692k;

(b) An order declaring that Defendant's actions, as set out above, violate 15 U.S.C. § 1692e;

(c) An injunction requiring Defendant to comply with 15 U.S.C. § 1692e;

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(e) Any other relief that this Court deems appropriate under the circumstances.

**Count 2**

**<u>VIOLATION OF CAL. CIV. CODE § 1788.17</u>**

41. Plaintiff incorporates by reference paragraphs 1-22 of this Complaint as though fully stated herein.

42. Section 1692e of the FDCPA, incorporated into the Rosenthal Act by Cal. Civ. Code § 1788.17, sets forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt," see 15 U.S.C. § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken

or that is not intended to be taken," see 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." see 15 U.S.C. § 1692e(10).

43. As stated above, through the Collection Message, Defendant attempted to collect the Consumer Debt.

44. Plaintiff does not owe the Consumer Debt.

45. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant made a false representation of the character, amount and/or legal status of the Consumer Debt.

46. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant threatened to take an action that could not be legally taken regarding the Consumer Debt.

47. By attempting to collect on an alleged debt that was not owed by Plaintiff, Defendant used a false representation and/or deceptive means to collect the Consumer Debt.

48. Through the Collection Message, Defendant wrongfully caused Plaintiff, the least sophisticated consumer, to believe that they may have owed a debt that they did not actually owe.

49. As such, by and through the Collection Communications, Defendant violated Cal. Civ. Code § 1788.17.

50. WHEREFORE, Plaintiff requests relief and judgment as follows:

(a) A declaration that Defendant's conduct and/or practices described herein violate Cal. Civ. Code § 1788.17;

(b) Award Plaintiff statutory damages pursuant to Cal. Civ. Code § 1788.17 & 1788.30(b);[1]

(c) Enjoin Defendant from future violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff;

(d) Award Plaintiff reasonable attorneys' fees and costs, including expert fees, pursuant to Cal Civ. Code § 1788.17.[2]

(e) Any other relief that this Court deems appropriate under the circumstances.

**Count 3**
**<u>VIOLATION OF CAL. CIV. CODE § 1788.11(f)</u>**
***(For Plaintiff and the Proposed Class)***

51. Plaintiff, individually and on behalf of the California Class, incorporates by reference ¶¶ 1-33 of this Complaint.

52. Cal. Civ. Code § 1788.11, prohibits a debt collector from "[s]ending written or digital communication to the person that does not display the California license number of the collector, if applicable, in at least 12-point type." Cal. Civ. Code § 1788.11(f).

53. As set forth above, the Collection Communications did not display the California license number.

---

[1] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(2)(A).

[2] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(3).

54. Accordingly, Defendant violated Cal. Civ. Code § 1788.11(f), by and through the Collection Communications.

WHEREFORE, Plaintiff requests relief and judgment as follows:

(a) Determine this action is a proper class action under California Rules of Civil Procedure;

(b) A declaration that Defendant's conduct and/or practices described herein violate Cal. Civ. Code § 1788.11(f);

(c) Award Plaintiff statutory damages pursuant to Cal. Civ. Code § 1788.30(b);

(d) Enjoin Defendant from future violations of Cal. Civ. Code § 1788.11(f) with respect to Plaintiff;

(e) Award Plaintiff reasonable attorneys' fees and costs, including expert fees, pursuant to Cal Civ. Code § 1788.30(c).

(f) Any other relief that this Court deems appropriate under the circumstances.

DATED: June 25, 2026

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 754-444-7539

*COUNSEL FOR PLAINTIFF*

# Exhibit A


58
+1 (208) 213-0415
Text Message • SMS
Sat, May 24 at 4:10 PM
Convenience matters! Pay your bill with Americollect, Inc., a debt collector, quickly at: http://rv2.io/ [redacted] Address: 1851 S Alverno Rd, Manitowoc, WI 54221-1566. Text us at: 920-717-1478 or Call 888-303-3640 M-F, 8am-9pm CST. Reply STOP to opt out.
Thu, Jul 17 at 1:45 PM
Convenience matters! Pay your bill with Americollect, Inc., a debt collector, quickly at: http://rv2.io/ [redacted] Address: 1851 S Alverno Rd, Manitowoc, WI 54221-1566. Text us at: 920-717-1478 or Call 888-303-3640 M-F, 8am-9pm CST. Reply STOP to opt out.
Friday 12:24 PM
Convenience matters! Pay your bill with Americollect, LLC, a debt collector, quickly at: http://rv2.io/ [redacted] Address: 1851 S Alverno Rd, Manitowoc, WI 54221-1566. Text us at: 920-717-1478 or Call 888-303-3640 M-F, 8am-9pm CST. Reply STOP to opt out.
The sender is not in your contact list.
Text Message • SMS